PER CURIAM.
Petitioner seeks review of an order of the circuit court, sitting in its appellate capacity, dismissing petitioner’s appeal for failure to timely file the initial brief.
The notice of appeal was filed on March 19,1981. Appellant’s brief was due seventy days later on May 28, 1981. However, on April 10, 1981, respondent/appellee moved to dismiss the appeal for appellant’s failure “to designate portions of the transcript for inclusion in the record or alternatively, to prepare a statement of the evidence of the proceedings.” Appellant/petitioner responded to the motion on April 16. On June 2, respondent served an amended motion to dismiss realleging the grounds of the first motion and adding that appellant had failed to timely file his brief. Petitioner responded on June 10, stating that the record was timely prepared and that the motion to dismiss served April 10 tolled the time for service of the initial brief. On June 29, 1981, the circuit court dismissed the appeal due to appellant’s failure to file his initial brief within the time period required by Florida Rule of Appellate Procedure 9.110(f).
Although appellant’s brief was originally due on May 28, the service of the motion to dismiss tolled the time schedule. Fla.R. App.P. 9.300(b). When respondent/appellee served its motion on April 10, petitioner/appellant had forty-eight days remaining in which to serve its brief. When the appeal was dismissed on June 29, 1981, appellant still had forty-eight days remaining in which to serve his brief.
We recognize that the April 10th motion to dismiss was of questionable merit; however, Rule 9.300(b) does not distinguish between meritorious motions and frivolous motions. Unless the motion is listed in subsection (d), service of the motion tolls the time for subsequent acts.
Respondent argues that we should deny certiorari because the record on appeal “... is devoid of any matter upon which the Circuit Court could reverse or modify the March 16 default Final Judgment....” and that “... affirmance of the default Final Judgment is inescapable if this matter proceeded on appeal.” Petitioner’s appeal may very well be without merit; however, that is for the circuit court, sitting in its appellate capacity, to determine. The function of this Court is to determine whether the order of the circuit court violates the essential requirements of law. We find that it does.
The Petition for Writ of Certiorari is granted, the circuit court’s order of June 29, 1981, is quashed, and the appeal is reinstated.
ROBERT P. SMITH, Jr., C. J., and ERVIN and LARRY G. SMITH, JJ., concur.